h GREMILLION, Judge,
dissents and assigns reasons.
I write to respectfully dissent from my colleagues on the majority. Certainly, the entry into Defendant’s home was clearly made without consent or a warrant. Therefore, the State had the burden of showing that an exception to the warrant requirement applied in this case. I believe that the State met its burden.
Detective Wood felt exigent circumstances existed when he decided to “roll the dice” and proceed without a search warrant to secure the drug evidence. He testified that he decided to move when he received information from his informant that the Lachney house had been called by someone warning them to stay away from Defendant’s house. A review of the facts shows that all of the circumstances that justify exigency, as set forth by Rubin in the majority opinion, have been satisfied. Without question, there was a degree of urgency involved in this case. When compared to the amount of time it would have taken to get a warrant (approximately one- and-a-half to two hours),[1] the officers on the scene could have been motivated by urgency. In that regard, because of the nature of the contraband, it was reasonable for the officers to believe that the contraband could be destroyed, removed, or hidden. It goes without saying that those who deal in illegal narcotics would *1210 rather dispose of them than face criminal charges for possessing them. The majority finds that there |gwas no evidence to show that Defendant knew that he was being watched or that Lachney had been apprehended. However, in my opinion, the officers at the scene had ample information to reasonably infer that since Lach-ney had been tipped off by a caller, Defendant may have likewise had been alerted. Finally, the officers had information that weapons were available to the two suspects in the house possibly putting those watching the house in danger. In fact, the officers put on their protective vests prior to making their raid.
The majority quotes State v. Atkins, 02-1963 (La.7/16/02), 821 So.2d 483, with approval. In my opinion, the State can rely on that case for support. If, as in Atkins, police may use as exigent circumstances the fact that neighbors witnessing an arrest may alert a local drug dealer of the authority’s presence, it would seem the police in this case could relate exigent circumstances to the fact that since the drug purchaser was notified, the drug seller may also have been notified.
For the foregoing reasons, I would find exigent circumstances existed which would have allowed the officers to enter Defendant’s home for the purpose of securing the scene. Therefore, I would deny Defendant’s motion to suppress and, accordingly, respectfully dissent from the majority opinion.

. Thirty to forty minutes to type the warrant, fifteen to twenty minutes travel time to the judge's house, the time for the judge to review the warrant, and fifteen to twenty minutes travel time back to Defendant’s house.